IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 18-cv-3240-RBJ

DAVID MINDOCK and
ASPEN GLADE LTD., a Colorado limited liability company,

    Plaintiffs,

v.

CHRISTINA J. BRUFF DUMARS, and
MATTHEW J. BRUFF,

    Defendants.

---

## ORDER ON PENDING MOTIONS

---

This matter is before the Court on three motions of defendant Christina Bruff Dumars ("Christina"). First, Christina moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), ECF No. 13. Plaintiffs Aspen Glade, Ltd. ("Aspen Glade") and David Mindock ("David") responded to this motion, ECF No. 17, and Christina replied, ECF No. 24. Matthew J. Bruff ("Matthew") was a defendant when Christina filed her motions but has since been realigned as a plaintiff upon stipulation of the parties. ECF No. 40. Second, Christina moved for judgment on the pleadings or dismissal with prejudice based on plaintiffs' untimely responsive pleadings, ECF No. 14, the same plaintiffs opposed this motion, ECF No. 16, and Christina replied, ECF No. 22. Christina also moved to strike the two untimely responses filed by plaintiffs Aspen Glade and David to her motions, ECF No. 17 and ECF No. 19. ECF No. 21. To the extent this motion seeks to strike ECF No. 19, which is their response to a motion that has

1

since become moot, it is also now moot. For the reasons explained herein all three motions, ECF Nos. 13, 14, 21 are DENIED.

## FACTUAL BACKGROUND

This case concerns a dispute among family members who inherited a cabin in Summit County. The property at issue is located at 603 97 Circle, Blue River, CO 80424 and described as "Site 379, The '97 Subdivision, Blue River Estates, Inc., Blue River, Colorado" (the "property"). In 1974, Stephen and June Mindock ("Stephen and June") purchased the property as tenants in common. Complaint, ECF No. 2 at ¶ 12. Stephen and June had three children, Peter J. Mindock ("Peter"), David Mindock ("David"), and Stephanie Mindock, now known as Stephanie Williams ("Stephanie"). *Id.* Christina and Matthew are the two children of Stephanie and accordingly, the grandchildren of Stephen and June. *Id.* at ¶ 14. In 1987, Stephen and June conveyed 15/64th of the property by quitclaim deed to Peter and another 15/64th of the property to David and reserved a life estate in the portion of the Property that they conveyed. *Id.* at ¶ 13. Peter and David owned this portion of the property as tenants in common with their parents. *Id.*

In 2007, Stephen and June conveyed all their interest in the property by warranty deed to Christina and Matthew (the "2007 deed"). *Id.* at ¶ 15. The 2007 deed conveyed fee simple ownership in Christina and Matthew as joint tenants with a right of survivorship with respect to 53.12% of the property. *Id.* at ¶ 21. This made Christina and Matthew tenants-in-common with David and Peter with respect to the remaining 46.88% of the property. *Id.* The 2007 deed contains a restrictive condition that has provoked disagreement among the parties and forms the basis of this action:

> This conveyance to Christina J. Bruff DuMars and Matthew J. Bruff is a conveyance creating a Joint Tenancy in fee simple title with title as Joint Tenants, with a right of survivorship ("Joint Tenants"), and not as tenants in common, subject to easements and covenants of record. This conveyance is intended to

> maintain joint ownership of the Property within the Mindock Family through the grandchildren who are joint grantees under the Warranty Deed, but in way no [sic] constitutes a restraint on alienation by the remaining grantee-title holder if the below described condition is effectuated by operation of law:
>
> If either Joint Tenant, without the written consent of the other, attempts to a) partition the property, or b) convert this joint tenancy into a tenancy in common with respect to any interest conveyed by this Warranty Deed or other interest in the Property currently owned or subsequently acquired by such Joint Tenant, then the Property shall, by operation of law, revert to the other Joint Tenant in fee simple immediately without requirement of judicial intervention or further legal conveyance.

*Id.* at 14-15. Plaintiffs believe that Christina drafted this deed, and that this clause is an unreasonable restrain on alienation. *Id.* at ¶¶ 19, 23.

In September 2014, Peter conveyed his interest in the property by quitclaim deed to plaintiff Aspen Glade Ltd., a Colorado limited liability company. *Id.* at ¶ 17. Aspen Glade is comprised of two members: Matthew and his wife. *Id.* Unable to resolve the disagreement about the deed clause, David and Aspen Glade filed suit against Christina Bruff Dumars and Matthew Bruff in the District Court of Summit County, Colorado requesting a declaratory judgment pursuant to Colo. Rev. Stat. §§ 13-51-101 et seq. and Colo. R. Civ. P. 57 on the enforceability of the restrictive conditions contained in a 2007 deed. Christina removed the action to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441(b) & 1446. Initially, there was not complete diversity among the parties: David, Aspen Glade and Matthew are residents of Colorado and Christina is a resident of New Mexico. ECF No. 2 at ¶¶ 1-4. Accordingly, plaintiffs moved to remand. ECF No. 15. However, given Matthew's relationship to Aspen Glade and his apparent shared interests with David and Aspen Glade in invalidating the restrictive conditions, Christina filed a motion to dismiss Matthew or realign him as a plaintiff. ECF No. 12. Both of these motions became moot upon the parties' stipulation to realign

Matthew as an involuntary plaintiff.  ECF Nos. 40, 44.  This party realignment created complete diversity, and this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

A. **Defendant's Motions About Plaintiffs' Late Filings: ECF No. 14, 21.**

Christina's motion for judgment on the pleadings or an order of dismissal with prejudice asserts that plaintiffs have failed to appear in the case or to file timely responses to Christina's motions.[1]  ECF No. 14 at 2.  Plaintiffs respond that they have appeared, and that they conferred with Christina about resolving the issues of removal and remand prior to their filing of a responsive pleading on the merits.  ECF No. 16.  Within days of Christina's motion for judgment on the pleadings or dismissal, plaintiffs filed responsive pleadings; and Christina identifies no prejudice from their untimely filings.  There is a "strong predisposition to resolve cases on their merits," *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (internal quotations and citations omitted).  Because dismissal with prejudice defeats a litigant's right to access the courts, it is "an extreme sanction."  *Id.*  A responsive filing that is untimely by one week does not justify dismissal of this case with prejudice.

Christina revisits this issue in a separate motion to strike plaintiffs' response to her motion to dismiss as untimely.  ECF No. 21.  Christina denies that plaintiffs conferred with her about an extension of time to respond to the motion to dismiss.  *Id.* at 4.  Given that the parties were concurrently disputing removal and remand, it seems that there was some sort of misunderstanding in the conferral.  Nevertheless, Christina does not identify any prejudice resulting from a one-week delay in the filing of a responsive pleading to her second motion.

---

[1] Christina filed both of her motions to dismiss on December 19, 2018.  Because her motion to dismiss Matthew Bruff as a defendant is moot, I will focus on her motion to dismiss for lack of standing, expiration of the applicable statute of limitations and failure to state a claim, ECF No. 13.  Plaintiffs' response to this motion was due on January 9, 2019.  Christina filed her motion for judgment on the pleadings on January 14, 2019.  Plaintiffs filed their response to Christina's second motion to dismiss two days later.  ECF No. 17.

4

Thus, these motions are denied. Moving forward, I advise defendant to focus her motions, if any, on the substance of this case and to review my practice standards regarding page limits. I advise plaintiffs to file on time.

**B. Motion to Dismiss for Lack of Standing.**

Christina moves to dismiss this lawsuit under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Under rule 12(b)(1) she argues that plaintiffs Aspen Glade and David Mindock do not have standing to challenge the 2007 deed because it does not affect their legal rights. However, in this motion, Christina acknowledges that Matthew's interests are affected by the challenged deed clause. ECF No. 13 at 7. Given the parties' stipulation to realign Matthew as a plaintiff, ECF No. 40, a finding that Aspen Glade and David do not have standing would no longer warrant dismissal of the case. Nonetheless, I will determine whether Aspen Glade and David have standing to continue to pursue the case as plaintiffs.

A plaintiff has standing when (1) it has suffered an injury in fact, (2) there is a causal connection between the injury and the conduct complained of, and (3) it is likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-61. An "injury in fact" is an invasion of a legally protected interest that is concrete, particularized, and actual or imminent as opposed to conjectural or hypothetical. *Id.* Although the plaintiff bears the burden of establishing standing, a court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996) (citations omitted). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific

5

facts that are necessary to support the claim." *Id.* at 1165 (quoting *Defenders of Wildlife*, 504 U.S. at 561).

Christina argues that the 2007 deed does not affect David and Aspen Glade's vested interests in the property, so they lack standing to challenge it. Although they are not named in the 2007 deed, David and Aspen Glade allege that this deed has "created a cloud on Plaintiffs' title due to the insecurity and uncertainty it imposes upon the rights of the Parties in the Property." ECF No. 2 at ¶ 24. They allege that because the restrictive conditions effectively prevent Christina and Matthew from freely alienating their interests in the property it impacts the value and marketability of David and Aspen Glade's interests in the Property.

In David and Aspen Glades' response, they offer affidavits from Matthew as a representative of Aspen Glade and David. According to Matthew's affidavit, Christina wrote Aspen Glade a letter on March 17, 2017 asserting that Aspen Glade is an alter-ego of Matthew Bruff. ECF No. 17-1A. Therefore, because the 2007 deed also applies the restrictive covenants to any interests acquired by Matthew or Christina after the execution of the deed, Matthew had breached the executory limitations contained in the 2007 deed and forfeited Aspen Glade's interests to Christina. Christina denies asserting that Aspen Glade's interest in the property was forfeited by the 2007 deed. ECF No. 24 at 7. David states that he is hesitant to sell his interests in the property to Matthew or Christina as he does not know how the restrictions in the 2007 deed would affect such a sale. ECF No. 17-1B. If true, this would demonstrate that the 2007 deed, at least as Christina has allegedly interpreted it, is affecting Aspen Glade's interests in the property and limiting David's ability to cash out his interests to the other owners. Although these affidavits support David and Aspen Glade's general allegations that they are injured by the 2007 deed, none of these facts are alleged in the complaint; and thus, the Court cannot accept

them as true in resolving a motion to dismiss. But because general factual allegations of plaintiffs' injury suffice for the standing inquiry at the motion to dismiss stage, these more specific assertions in the response are unnecessary to resolving this motion. I find that David and Aspen Glade sufficiently allege that they are suffering an injury in fact that is concrete, particularized and actual because they allege that the deed affects the value of their interests in the shared property and their ability to sell their interests to the other owners. For these same reasons, I find that there is a causal connection between the injury and the restrictive covenants contained within the 2007 deed and that the declaration that plaintiffs seek would redress their injuries.

C. **Motion to Dismiss for Expiration of the Statute of Limitations.**

Christina argues that the complaint for declaratory relief is barred by the applicable statute of limitations. ECF No. 13. The Court can resolve a statute of limitations defense in a rule 12(b)(6) motion to dismiss where application of the limitations period is apparent on the face of the complaint. *Dummar v. Lummis*, 543 F.3d 614, 619 (10th Cir. 2008). Christina argues that Colo. Rev. Stat. § 38-41-111(1) sets the applicable statute of limitation in this case and bars plaintiffs' complaint on its face. This statute provides:

> *No action shall be commenced or maintained against a person in possession of real property to question or attack the validity of or to set aside*, upon any ground or for any reason whatsoever any final decree or final order of any court of record in this state or *any instrument of conveyance, deed*, certificate of sale, or release executed by any private trustee, successor in trust, public trustee, sheriff, marshal, county treasurer, or any public official whatsoever, whether named in this section or not, or officer or any appointee of any court when such document is the source of or in aid of or in explanation of the title or chain of title or right of the party in possession or any of his predecessors or grantors insofar as the same may affect the title or explain any matter connected with the title in reference to said real property if such document has been recorded and has remained of record in the office of the county clerk and recorder of the county where said real property is situated for a period of seven years. All defects, irregularities, want of service, defective service, lack of jurisdiction, or other grounds of invalidity, nullity, or *causes or reasons whereby*

7

>  *or wherefore any such document might be set aside or rendered inoperative must be raised in a suit commenced within said seven-year period and not thereafter*.

Colo. Rev. Stat. § 38-41-111(1) (emphasis added).

Plaintiffs offer in their complaint a copy of the 2007 deed that they are challenging. ECF No. 2 at 14; Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). This document is signed before a notary public, dated November 23, 2007 and marked as recorded with the Summit County Recorder on November 28, 2007. *Id.* at 14-15. Plaintiffs filed their complaint in Summit County, Colorado on October 1, 2018 (ECF No. 1-2), over ten years after the deed was executed. Thus, Christina asserts that Colo. Rev. Stat. §38-41-111(1) bars the complaint on its face.

Plaintiffs argue that Colo. Rev. Stat. § 38-41-111(1) is inapplicable here. They urge the Court to instead apply the two-year catch-all statute of limitations found in Colo. Rev. Stat. § 13-80-102(1)(i). This statute provides that "all other actions of every kind for which no other period of limitation is provided" must be commenced within two years after the cause of action accrues. The cause of action accrues when "both the injury and its cause are known or should have been known by the exercise of reasonable diligence." Colo. Rev. Stat. §13-80-108.

Plaintiffs assert that the Colorado Court of Appeals in *Harrison v. Pinacol Assur.*, 107 P.3d 969, 972 (Colo. App. 2004) held that the "catch-all" statute of limitations applies to all actions for declaratory relief in Colorado. However, the court only held that the two-year catch-all statute of limitations applied to a declaratory action where the complaint did not plead "any legal theory of recovery from which a limitation period could be applied." 107 P.3d at 972. It distinguished the declaratory action for settlement apportionment at issue from a case involving a declaratory action disputing an election where election law provided an applicable statute of limitations period. *Id.* (citing *Molleck v. City of Golden*, 884 P. 2d 725 (Colo. 1994))*; see also*

*LNV Corp. v. Hook*, No. 14-CV-00955-RM-CBS, 2015 WL 5679723, at *7, n.13 (D. Colo. Sept. 25, 2015) (disagreeing with an unqualified statement that the catch-all two-year statute of limitations applies to declaratory judgement actions). Should the law of real property provide an applicable limitations periods to this declaratory judgment action, *Harrison* provides that the catch-all statute of limitations does not apply.

Plaintiffs next assert that Colo. Rev. Stat. § 38-41-111(1) is inapplicable because "that statute applies to challenges to title by third parties, rather than among tenants in common all holding interests in the same Property." ECF No. 17 at 6. However, plaintiffs cite no case law to support this assertion. This Court has not sua sponte found any case applying Colo. Rev. Stat. § 38-41-111 to a declaratory judgment action among tenants in common. Indeed, it seems that most case law applying this statute involves adverse possession. Nonetheless, the language of the statute contains no explicit "third-party" requirement. Nor do any of its four exceptions concern tenants in common holding interests in the same property. If plaintiffs believe that this statute does not apply to challenges to title by tenants in common, they must offer the Court some law to that effect.

Although the plaintiffs do not raise this point, to apply this statute, the Court must first determine whether Christina was in actual possession of the property when plaintiffs commenced their action. Colo. Rev. Stat. § 38-41-111 is titled "When action will not lie against *person in possession*" and states that "no action shall be commenced or maintained against a *person in possession of real property*." Colo. Rev. Stat. § 38-41-111(1) (emphasis added). The Colorado Supreme Court has held that "[a]ctual possession, at least at the time of the commencement of the action is a prerequisite to the benefits of [Colo. Rev. Stat. § 38-41-111(1)]." *Ginsberg v. Stanley Aviation Corp.*, 193 Colo. 454, 457 (Colo. 1977) (citation omitted). However, it is not

9

evident from plaintiffs' complaint that Christina was in actual possession when the lawsuit was filed.  Further, although the complaint incorporates a copy of the warranty deed with a seal that indicates it was recorded with the Summit County Recorder, the complaint does not indicate that the deed "has remained of record in the office of the county clerk and recorder of [Summit County]," Colo. Rev. Stat. § 38-41-111(1), for seven years.  Because evidence outside the four corners of the complaint is needed to determine the applicability of Colo. Rev. Stat. § 38-41-111(1), this issue cannot be resolved on a Fed. R. Civ. P. 12(b)(6) motion.

Christina argues that, in the alternative, the two-year catch all limitations period in Colo. Rev. Stat. § 13-80-102(1)(i) would still bar the complaint.  Christina does not address when the injury should have accrued for Aspen Glade and David but states that Matthew knew or should have known of any alleged injury resulting from the restrictive covenants upon the recording of the deed in 2007.  However, the Court cannot conclude that a statute of limitations bar against Matthew's claims is evident from the face of the complaint.  Matthew did not file the complaint or respond to this motion as a plaintiff, having been sued originally as a defendant and joining as an involuntary plaintiff after briefing on this motion was completed.  Aspen Glade and David argue that they became aware of injuries to their property interest upon Christina's delivery of the March 17, 2017 letter.  ECF No. 17 at 7.  The facts establishing accrual of the injury are not evident from the face of the complaint, and thus, the complaint cannot be dismissed on this ground.  *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018) (denying a motion to dismiss on statute of limitations grounds when the complaint itself did not admit the elements of the affirmative defense and noting that "[t]he defendant's first line of defense in that circumstance is ordinarily summary judgment, not dismissal on the pleadings.").  At the motion

to dismiss stage, the Court cannot conclude that this alternative statute of limitations would independently bar the complaint should Colo. Rev. Stat. § 38-41-111(1) not apply.

**ORDER**

Defendant Christina J. Bruff Dumar's Motion to Dismiss, ECF No. 13; Motion for Judgment on the Pleadings, ECF No. 14; and Motion to Strike, ECF No. 21 are DENIED.

Dated this 20th day of May, 2019.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge