IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 18-cv-03240-RBJ

DAVID MINDOCK and
ASPEN GLADE LTD., a Colorado limited liability company,

      Plaintiffs,

v.

CHRISTINA J. BRUFF DUMARS, and
MATTHEW J. BRUFF,

      Defendants.

## ORDER ON PENDING MOTIONS

This matter is before the Court on two motions subsequent to this Court's December 18, 2019 order ("December 18 order"), ECF No. 66. First, plaintiffs David Mindock and Aspen Glade Ltd. ("Aspen Glade") (collectively, "original plaintiffs") move for entry of judgment, ECF No. 67, with respect to their complaint for declaratory relief, ECF No. 2. Second, defendant Christina Bruff DuMars moves to amend the December 18 order, ECF No. 68. For the reasons stated herein, the original plaintiffs' motion for entry of judgment, ECF No. 67, is GRANTED and Christina's motion to amend, ECF No. 68, is DENIED.

## I. BACKGROUND

This case arises out of disagreement over ownership interests in a family vacation cabin. In 1974 Stephen and June Mindock purchased and built a cabin on a parcel of land in Blue River, Colorado (the "property"). ECF No. 50 at 2; ECF No. 55-1 at 1. Stephen and June had three children: David Mindock, Peter Mindock, and Stephanie Mindock. ECF No. 50 at 2. In 1987

Stephen and June conveyed 15/64ths of the property each to David and Peter by quitclaim deed (approximately 23.44% each, or 46.88% total), retaining a life estate for themselves.  *Id*.  In 2007 Stephen and June conveyed their remaining 53.12% interest in fee simple by warranty deed (the "2007 deed") to Stephanie's children—Christina and involuntary-plaintiff Matthew J. Bruff—as joint tenants with rights of survivorship.  *Id*.  June died on April 1, 2011, and Stephen died on July 1, 2014.  ECF No. 2 ¶ 16.

The 2007 deed states that in conveying their remaining property interest to their grandchildren, Stephen and June "intended to maintain joint ownership of the Property within the Mindock Family."  ECF No. 50-2 at 1.  Accordingly, the 2007 deed includes the following restrictive conditions on Christina and Mathew's interests (the "2007 deed clause"):

> If either Joint Tenant, without the written consent of the other, attempts to a) partition the property, or b) convert this joint tenancy into a tenancy in common with respect to any interest conveyed by this Warranty Deed or other interest in the Property currently owned or subsequently acquired by such Joint Tenant, then the Property shall, by operation of law, revert to the other Joint Tenant in fee simple immediately without requirement of judicial intervention or further legal conveyance.

*Id*.

On September 8, 2014 Matthew formed Aspen Glade.  ECF No. 47 at 9.  On September 29, 2014 Peter conveyed his 23.44% property interest by quitclaim deed to Aspen Glade.  ECF No. 54 at 2.  Peter died in October of 2014.  ECF No. 2 ¶ 18.  Matthew did not disclose to Christina the formation of Aspen Glade or the conveyance of Peter's property interest to Aspen Glade.  ECF No. 47 at 9.  Christina discovered this information in the spring of 2015 when she accessed the Summit County Assessor's Office to pay property tax.  *Id.* ¶ 10.  Aspen Glade conducts no other business beyond holding title to the interest received from Peter.  *Id.* at ¶ 12.

The current status of the property is as follows: Christina and Matthew own 53.12% in fee simple as joint tenants; Aspen Glade owns 23.44% as a tenant-in-common; and David owns

2

23.44% as a tenant-in-common.  ECF No. 50-1 at 2.  Christina currently occupies the property and has done so since shortly after execution of the 2007 deed.  ECF No. 51 ¶ 3.  Matthew occasionally uses the property as a vacation retreat, and he maintains furniture and personal possessions within the property year-round.  *Id*.

## Procedural Background

On October 1, 2018 the original plaintiffs filed a complaint with the District Court for Summit County, Colorado.  ECF No. 2.  They asserted a single claim against Christina and Matthew for declaratory judgment that (1) the 2007 deed clause constitutes an unreasonable restraint on alienation and is therefore stricken; (2) Christina and Matthew together own 34/64ths of the property as joint tenants; (3) Christina and Matthew are tenants-in-common with David and Aspen Glade; and (4) Christina and Matthew have the right to unilaterally convey and convert their respective shares from joint tenancy to tenancy-in-common, the right to obtain additional interests in the property, and the right to partition the property.  *Id.* ¶ 51.  Christina removed the case to federal court on December 17, 2018 pursuant to 28 U.S.C. §§ 1332(a), 1441(b), & 1446.  ECF No. 1 ¶ 1.

On December 19, 2018 Christina moved to dismiss the complaint.  ECF No. 13.  She argued that (1) the original plaintiffs lacked standing to seek declaratory relief because they had suffered no injury and (2) the seven-year statute of limitations pursuant to Colo. Rev. Stat. § 38–41–111 had run.  *Id.* at 1–2.  On May 14, 2019, pursuant to joint stipulation by the parties, this Court realigned Matthew as an involuntary plaintiff.  ECF Nos. 40, 44.  Subsequently, on May 20, 2019 this Court denied Christina's motion to dismiss ("May 20 order").  ECF No. 46.  First, I found that based on the realignment of Matthew as an involuntary-plaintiff, a finding that the original plaintiffs do not have standing would not warrant dismissal of the case.  In the interest of

3

finality I also found that the original plaintiffs had alleged standing sufficient to survive the motion to dismiss stage. Second, I found that information outside of the four corners of the complaint was necessary to determine which statute of limitations applied and whether the limitations period had run.

On June 27, 2019 Christina filed a counterclaim against Matthew for breach of the 2007 deed clause. ECF No. 47 at 8. She asserted that "[t]he secretive and willful actions taken by [Matthew] violate the 2007 Deed Clause because he received an additional interest in the [property] without the written consent of [Christina]" by "cloaking himself in the alter-ego guise of Aspen Glade." *Id.* at 10. She sought the court to find that as a result of this violation, Matthew's interest in the property reverted to Christina. *Id.* at 10–11.

On June 24, 2019 Matthew filed a motion to dismiss Christina's counterclaim against him, arguing—as did the original plaintiffs' complaint—that the 2007 deed clause was invalid as an unreasonable restraint on alienation. ECF No. 50. Simultaneously, on June 27, 2019 Christina filed a motion for summary judgment seeking, again, to dismiss the complaint under the seven-year statute of limitations. ECF No. 51. I ruled on both of these motions in my December 18 order. ECF No. 66. First, I granted Matthew's motion to dismiss the counterclaim because I found that the 2007 deed clause was void as an unreasonable restraint on alienation. Second, I denied Christina's motion for summary judgment because I found that the seven-year statute of limitations applies only to title conveyed either by trustee or by public action, and the 2007 deed was conveyed by neither.

There are two pending motions in response to the December 18 order. First, the original plaintiffs move for entry of judgment based on the December 18 order's finding that the 2007 deed clause is void as an unreasonable restraint on alienation. ECF No. 67. Second, Christina

moves to amend the December 18 order, seeking to set aside the findings therein until after a trial or hearing.  ECF No. 68.

## II.  STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not explicitly provide for a motion to reconsider. Instead, litigants subject to an adverse final judgment who seek reconsideration by the district court of that judgment may make "[a] motion to alter or amend" that judgment within 28 days of entry of judgment.  Fed. R. Civ. P. 59(e).  A court may alter or amend the judgment under Rule 59(e) in its discretion when there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice."  *Id.* (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

## III.  ANALYSIS

The original plaintiffs request that I apply the findings in my December 18 order to their complaint.  Christina disputes plaintiffs' motion and argues that the December 18 order's findings were premature.  ECF No. 68.  She requests that I set aside the December 18 order until after a trial or hearing to determine (1) whether the original plaintiffs have actual standing and (2) whether Matthew's motion to dismiss was barred by the two-year statute of limitations.  *Id.* ¶ 17.  I address both of Christina's arguments in turn.

### A.  <u>Standing</u>

Christina requests the December 18 order be set aside until the Court makes a definitive finding on standing.  ECF No. 68.  She argues that the May 20 order found that the original plaintiffs had standing sufficient to survive only the motion to dismiss stage, and that the Court's December 18 order deciding the merits of the case without allowing further argument on standing therefore constitutes clear error.  *Id.* ¶¶ 5, 19.  Christina's motivations in making this

5

argument are not entirely clear. As stated in the May 20 order, based on "the parties' stipulation to realign Matthew as a plaintiff, a finding that [original plaintiffs] Aspen Glade and David do not have standing would no longer warrant dismissal of the case." ECF No. 46 at 5. Christina does not contest this fact. I reiterate here that even if I now found that the original plaintiffs lacked standing, such a finding would not bar the complaint's requested declaratory relief.

Regardless, in the interest of finality I consider definitively whether the original plaintiffs have standing. Standing is a jurisdictional question that may be addressed sua sponte. *See Petrella v. Brownback*, 787 F.3d 1242, 1254 (10th Cir. 2015) (citing *McClendon v. City of Albuquerque,* 100 F.3d 863, 867 (10th Cir. 1996)). A plaintiff has standing when (1) it has suffered an injury in fact, (2) there is a causal connection between the injury and the conduct complained of, and (3) it is likely that the injury will be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–61 (1992). An "injury in fact" is an invasion of a legally protected interest that is concrete, particularized, and actual or imminent as opposed to conjectural or hypothetical. *See id*.

Matthew and David have both provided affidavits in support of the original plaintiffs' standing. ECF Nos. 17-1A, 17-1B. According to Matthew's affidavit, Christina wrote Aspen Glade a letter on March 17, 2017 asserting that because of Matthew's alleged breach of the 2007 deed clause, Aspen Glade's interest in the property had been potentially forfeited. ECF No. 17-1A ¶ 6. Christina now denies that she asserted that Aspen Glade's interest had been potentially forfeited by Matthew's breach. ECF No. 24 at 7. Additionally, according to David's affidavit, David is hesitant to sell his interest in the property to Matthew or Christina because he does not know how the 2007 deed clause would affect such a sale. ECF No. 17-1B ¶¶ 4–8.

Regardless of whether Christina ever asserted that Aspen Glade's interest was forfeited, I find that David and Aspen Glade both have standing. "Any interested party under a deed may have determined any question of construction or validity arising under the deed and obtain a declaration of rights, status, or other legal relations thereunder." *Tucker v. Wolfe*, 968 P.2d 179, 180 (Colo. App. 1998). David and Aspen Glade are tenants-in-common on the land encumbered by the 2007 deed clause and are therefore interested parties. Their injury is, as they alleged in their complaint, the "insecurity and uncertainty" that the 2007 deed clause imposes on their interests. The 2007 deed clause affects Aspen Glade's ability to cash out interests to Matthew or Christina—the only other persons likely to want to purchase at this point in time, given how the interests in the property are currently split up. It also affects David's ability to cash out interests to Matthew, Christina, or Aspen Glade. It affects his ability to sell to Aspen Glade because Christina's argument is premised on the idea that such a transaction would be breach on Matthew's behalf, making Aspen Glade rightfully wary of such a transaction.

The causal connection and redressability follow easily from this injury. The injury is directly caused by the uncertainty surrounding the 2007 deed clause. The injury can be redressed by clarification of the 2007 deed clause.

In a prior brief Christina argued that the Tenth Circuit held in *Kinscherff v. United States*, 586 F.2d 159, 160 (10th Cir. 1978), that persons with no property interest in land have no standing to bring an action to remove a cloud on the title to that land. ECF No. 13 at 6. Yet in *Kinscherff*, the plaintiffs were members of the public who merely owned land abutting the public road at issue. *See id*. The court rejected plaintiffs' argument that "they have a real property interest in the [public road] as members of the public entitled to use public roads . . . , and as an owner of land abutting a public highway." *Id*. In contrast, David and Aspen Glade each have a

7

percentage interest in the property at issue. They may not be expressly bound by the terms of the 2007 deed, but *Kinscherff* does not require such a strict rule. Nor would such a rule make sense. A deed's restrictive covenants may injure persons with an interest in the property but who are not expressly named in the deed.

I also note that Christina's entire argument is premised on Aspen Glade being Matthew's "alter-ego guise." ECF No. 47 ¶ 15. She argues that he breached the 2007 deed clause by receiving Peter's interest through Aspen Glade. If Christina seeks to pierce the corporate veil, she cannot cherry-pick among the attending consequences. If Christina is right that Aspen Glade is Matthew's alter ego, that constitutes another way to show that Aspen Glade has an interest in the encumbered property and thus has standing.

Accordingly, I find that the original plaintiffs have standing.

### B. Statute of Limitations

Christina also requests the December 18 order be set aside until the Court makes a definitive finding on the statute of limitations. ECF No. 68 ¶ 17. As with her standing argument, Christina argues that it was clear error for the Court to make a decision on the merits without making a conclusive finding on whether the statute of limitations had run.

Preliminarily, it is useful to briefly recount the procedural history of the statute of limitations dispute. Christina initially moved to dismiss the complaint based on a seven-year real property statute of limitations that commences when the title is recorded. ECF No. 13 at 9. The original plaintiffs disagreed, instead proffering the two-year catch-all statute of limitations for declaratory judgment actions, which commences when the party bringing the action acquires knowledge of or should have reasonably discovered the essential facts. ECF No. 17 at 6–7.

I found in my May 20 order that information outside the four corners of the complaint was necessary to determine which statute of limitations applied. ECF No. 46 at 10–11. I also noted that if the law of real property provides an applicable statute of limitations for this declaratory judgment action, then that limitations period applies in lieu of the two-year catch-all statute of limitations for declaratory judgment actions. ECF No. 46 at 8–9.

Christina subsequently filed a motion for summary judgment seeking, again, to dismiss the complaint under the seven-year statute of limitations. ECF No. 51. I denied the motion in my December 18 order because I found that based on the record, the seven-year statute of limitations is not applicable in this context. ECF No. 66. I simultaneously granted Matthew's motion to dismiss Christina's counterclaim on other grounds without determining which statute of limitations applies. *Id*.

Christina now asserts that it was clear error for the Court to make a decision on the merits without allowing her to present evidence regarding when the cause of action accrued under the two-year catch-all statute of limitations. ECF No. 68 ¶¶ 13, 18–19. In response, the original plaintiffs argue that: (1) no statute of limitations applies, (2) if a statute of limitations does apply, it is has not yet run under the two-year catch-all statute of limitations, and (3) alternatively, if a statute of limitations does apply, it has not yet run under the eighteen-year period pursuant to Colo. Rev. Stat. § 38-41-101. ECF No. 74 ¶¶ 6–14; ECF No. 75 ¶¶ 5–6.

I find that the original plaintiffs are correct that no statute of limitations applies here because no statute of limitations applies to contracts that were void from their inception. *See Riverside Syndicate v. Munroe*, 882 N.E.2d 875 (N.Y. 2008). Many states have held that a statute of limitations "does not make an agreement that was void at its inception valid by the mere passage of time." *Riverside Syndicate*, 882 N.E.2d at 878 (citing *Pacchiana v.*

9

*Pacchiana,* 462 N.Y.S.2d 256 (N.Y. App. Div. 1983)) (finding that the six-year statute of limitations did not apply to plaintiff landlord's request for declaratory judgment that an illegal tenancy agreement was void); *see also, e.g.*, *MZRP, LLC v. Huntington Realty Corp.,* No. 35692, 2011 WL 12455342, *4 (W. Va. Mar. 10, 2011) (noting that "there is no statute of limitations regarding void deeds" and applying that rule to a void tax deed); *Thompson v. Ebbert,* 160 P.3d 754, 757 (Idaho 2007) (observing that that "[b]ecause the lease agreement was void ab initio, it could be challenged at any time" where the lease was void based on a lack of authority to lease only a portion of the property); *Moore v. Smith–Snagg,* 793 So.2d 1000, 1001 (Fla. Dist. Ct. App. 2001) ("Of course, there is no statute of limitations in respect to the challenge of a forged deed, which is void ab initio." (emphasis omitted).

Although Colorado not does yet not appear to have expressly adopted such a rule, the Tenth Circuit has emphasized that "[i]t is black letter law that a void contract 'is not a contract at all' and 'is void of legal effect." *Borde v. Bd. of Cty. Comm'rs of Luna Cty., N.M.*, 514 F. App'x 795, 806 (10th Cir. 2013) (quoting Restatement (Second) of Contracts § 7 cmt. a (1981)).  As the original plaintiffs explain, my December 18 order found that the 2007 deed clause was void as an unreasonable restraint upon alienation.  ECF No. 66 at 13.  The 2007 deed clause never had legal effect; it was void at inception.  As such, based on the record before me I find that no statute of limitations applies as a matter of law.

# ORDER

1. Plaintiffs David Mindock and Aspen Grove's motion for entry of judgment, ECF No. 67, is GRANTED.

2. Defendant Christina Bruff DuMars' motion to amend the order, ECF No. 68, is DENIED.

3. The Court enters declaratory judgment that:

    a. The following clause is stricken from the 2007 deed in its entirety because it is void as an unreasonable restraint on alienation:

        *This conveyance is intended to maintain joint ownership of the Property within the Mindock Family through the grandchildren who are joint grantees under the Warranty Deed, but in way no [sic] constitutes a restraint on alienation by the remaining grantee-title holder if the below described condition is effectuated by operation of law:*

        *If either Joint Tenant, without the written consent of the other, attempts to a) partition the property, or b) convert this joint tenancy into a tenancy in common with respect to any interest conveyed by this Warranty Deed or other interest in the Property currently owned or subsequently acquired by such Joint Tenant, then the Property shall, by operation of law, revert to the other Joint Tenant in fee simple immediately without requirement of judicial intervention or further legal conveyance.*

    b. Christina and Matthew together own 34/64ths (approximately 53.12%) of the Property as joint tenants between themselves and with respect to that portion of the Property conveyed to the original plaintiffs as tenants-in-common; and

    c. Christina and Matthew have the right to unilaterally convey and convert their respective shares from joint tenancy to tenancy-in-common, the right to obtain additional interests in the property, and the right to partition the property under Colorado law without penalty.

DATED this 17th day of June, 2020.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge